IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARLA F. BOSTON,

    Plaintiff,

vs.                                    No. 3:13-cv-00532-DRH-DGW

U.S. STEEL

    Defendant.

## ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

Presently before the Court is defendant, U.S. Steel's motion, pursuant to Federal Rule of Civil Procedure 59, to alter or amend the Court's April 28, 2015 order denying summary judgment (Doc. 30). The plaintiff has responded (Doc. 32) and U.S. Steel has replied (Doc. 33).

### II. ANALYSIS

**A. Authority**

Count I of plaintiff's complaint seeks relief for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.* Count II of plaintiff's complaint asserts a common law claim for Intentional Infliction of Emotional Distress ("IIED"). On April 28, 2015, the Court denied U.S. Steel's motion for

summary judgment as to both counts. U.S. Steel now asks the Court to alter or amend that ruling in accord with Federal Rule of Civil Procedure 59(e). Plaintiff objects, noting that Rule 59(e) is reserved for altering or amending a *judgment*.

The Federal Rules of Civil Procedure provide two ways in which a party may seek reconsideration of the merits of an order of the Court, namely, Rule 59(e) or Rule 60(b). Federal Rule of Civil Procedure 59(e) provides a mechanism for altering or amending *judgment* and Rule 60(b) permits motions for relief from a *final* judgment or order, but both of these mechanisms are inapplicable to interlocutory orders. The denial of summary judgment is an interlocutory order. *See Whitford v. Boglino,* 63 F.3d 527, 530 (7th Cir. 1995). Thus, the above rules are not the appropriate vehicle for obtaining the relief sought by U.S. Steel.

This does not mean, however, that the Court is without authority to consider U.S. Steel's motion. It is well established that district courts have the authority to review interlocutory orders. Rule 54(b), inherent authority, and common law inform the Court's ability to review such non-final orders. *See e.g., United States v. Terrell,* 2015 WL 104668, 2 (N.D. Ill. March 6, 2015) (Dow, Jr. J.); *Hensler v. City of O'Fallon, Ill.,* 2012 WL 293401, *5 (S.D. Ill. Jan. 31, 2012) (Herndon, C.J.). The Seventh Circuit has discussed the role of such motions to reconsider:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further

> basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted).

The law of the case doctrine governs whether reconsideration of a previous ruling in the same case is appropriate. *See Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571–72 (7th Cir. 2006). The law of the case doctrine is a discretionary doctrine; authorizing such reconsideration provided a "compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Id.* at 572 (*citing Agostini v. Felton*, 521 U.S. 203, 236, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997); *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816–17, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988); *Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005); *Williams v. Comm'r*, 1 F.3d 502, 503 (7th Cir. 1993); *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001)).

Considering the above, the Court finds that reconsideration of its order denying summary judgment on both counts of the plaintiff's complaint is appropriate.

### B. Count I – Retaliation Under Title VII

In order to survive U.S. Steel's motion for summary judgment, the plaintiff must provide evidence from which a reasonable jury could conclude that the

protected conduct (the 2010 EEOC Charge) was a "substantial" or "motivating" factor in her disqualification from Ironworks in January 2012. *See Patton v. Indianapolis Public School Bd.,* 276 F.3d 334, 340 (7th Cir. 2002). In concluding that the plaintiff had presented such evidence, the Court relied on testimony relating to the plaintiff's interactions with Marcia Graham. Marcia Graham was the plaintiff's co-worker and was the employee tasked with training the plaintiff. Marcia Graham, however, was not the person who made the decision to disqualify the plaintiff from the Ironworks Position.[1] Accordingly, the evidence relied on by the Court pertaining to Marcia Graham does not establish that the 2010 EEOC Charge was a "substantial" or "motivating" factor in the plaintiff's disqualification from the Ironworks Position.

Here, there is no dispute that the pertinent decision maker was the plaintiff's supervisor, Michelle Fields. Thus, to survive summary judgment, the plaintiff must present evidence that Fields knew about the 2010 EEOC Charge and by which a reasonable jury could infer that Fields' decision was based on the plaintiff's 2010 EEOC Charge. *See Patton v. Indianapolis Public School Bd.,* 276 F.3d 334, 340 (7th Cir. 2002); *Lalvani v. Cook County, Illinois,* 269 F.3d 785, 790 (7th Cir. 2001). The plaintiff has not done this. The only evidence in the record (and the evidence previously relied on by the Court) pertain to the conduct of the plaintiff's co-worker, Marcia Graham. The Court is unable to locate and the plaintiff does not cite to any evidence demonstrating that Fields knew about the

---

[1] Doc. 21-12 at pp. 62, 65, and 67.

2010 EEOC Charge or that her decision to disqualify the plaintiff was based on the 2010 EEOC Charge.

Absent evidence in the record that the decision-maker responsible for the Ironworks/January 2012 Adverse Employment Action, Michelle Fields, had any knowledge of the 2010 EEOC Charge or that her decision to disqualify the plaintiff from the Ironworks Position was based on the same, the plaintiff cannot survive U.S. Steel's motion for summary judgment as to Count I.

Accordingly, the Court **GRANTS** U.S. Steel's motion for summary judgment as to Count I of the plaintiff's complaint.

### C. Count II – Intentional Infliction of Emotional Distress

As it is now clear that the plaintiff's claims are based on the alleged conduct of Marcia Graham, the plaintiff can only survive summary judgment if U.S. Steel is vicariously liable for the conduct of Marcia Graham.

An employer may be liable for the torts of its employees if the tort is committed within the scope of the employment. For conduct to be considered within the scope of one's employment the conduct must: (1) be of the kind the employee is employed to perform; (2) occur substantially within the authorized time and space limits; and (3) be performed, at least in part, by purpose to serve the master. *Bagent v. Blessing Care Corp.*, 224 Ill.2d 154, 308 Ill.Dec. 782, 862 N.E.2d 985, 992 (2007). When the motive for the employee's tort is personal and solely for the benefit of the employee, the employer is not subject to liability.

*Wright v. City of Danville,* 174 Ill.2d 391, 221 Ill.Dec. 203, 675 N.E.2d 110, 118 (1996).

In the instant case, there is no evidence warranting a finding of vicarious liability. The plaintiff has not presented evidence suggesting that Graham's conduct was for the benefit of U.S. Steel. In fact, the evidence indicates that Graham's motivation for failing to train the plaintiff was personal. The plaintiff's testimony indicates that Graham was motivated by a desire to retain her own position (*See* Doc. 21-12 p. 70 (plaintiff testified that Graham indicated she would not train the plaintiff because Graham did not want to train a union employee that could potentially replace Graham in the event of a future layoff).

Accordingly, the Court **GRANTS** U.S. Steel's motion for summary judgment as to Count I of the plaintiff's complaint.

### III. CONCLUSION

For the above-stated reasons, U.S. Steel's motion for reconsideration is **GRANTED. FURTHER,** upon reconsideration, the Court **GRANTS** U.S. Steel's

motion for summary judgment as to both counts. **The Clerk is instructed to enter judgment accordingly**.

**IT IS SO ORDERED.**

Signed this 22nd day of July, 2015

Digitally signed by
David R. Herndon
Date: 2015.07.22
13:09:30 -05'00'

**United States District Court**